```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


LISA WASHINGTON,                   )
                                   )
     Plaintiff,                    )
                                   )
          v.                       )     1:14cv1250 (JCC/TCB)
                                   )
VERITISS, LLC and                  )
CARMEN POWELL,                     )
                                   )
     Defendants.                   )
```

**M E M O R A N D U M   O P I N I O N**

This employment discrimination action is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Dkt. 11.] For the following reasons, the Court will grant the motion and dismiss the Complaint.

**I. Background**

At the motion to dismiss stage, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In October of 2009, Plaintiff Lisa Washington ("Plaintiff") was employed as an Executive Recruiter by Defendant Veritiss, LLC ("Veritiss"). (Compl. [Dkt. 1] ¶ 15.) Defendant Carmen Powell ("Powell") was, and apparently still is,

1

the Chief Executive Officer ("CEO") of Veritiss.  (Id. at ¶ 14.)

In May of 2010, "Plaintiff requested a reasonable accommodation due to her medical condition related to being pregnant from her supervisor." (Compl. ¶ 20.)  Plaintiff's treating physicians identified Plaintiff's need for a modified work schedule as an accommodation at work.  (Id. at ¶ 79.)  Her supervisor referred Plaintiff to Powell, who was "not pleased with Plaintiff's request for a reasonable accommodation . . . [and] thereafter, began harassing and discriminating against Plaintiff."  (Id. at ¶¶ 21-23.)  Ultimately, Defendant's denied Plaintiff's accommodation request for a modified work schedule. (Id. at ¶ 24.)

Subsequently, Plaintiff was suspended from work, but was later allowed to return.  (Compl. ¶¶ 26-27.)  On June 7, 2010, Powell terminated Plaintiff's employment with Veritiss. (Id. at 30.)  On June 30, 2010, "Plaintiff was notified that her compensation, including severance pay and commission, which she was due and owing, was being rescinded due to a false and alleged violation of the non-disclosure agreement." (Id. at ¶ 32.)  On July 20, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Id. at ¶ 33.)

On September 23, 2014, the then-pro se Plaintiff filed a Complaint against Veritiss and Powell, alleging fifteen

counts, which range from employment discrimination claims under Title VII and the Americans with Disabilities Act ("ADA") to various torts and contract claims under Virginia law.  Plaintiff served the Complaint on both Defendants in late December of 2014.  [Dkts. 6, 7.]  On February 12, 2015, both local and pro hac vice counsel entered an appearance on Plaintiff's behalf.  [Dkts. 8, 9.]  The same day, Defendants filed the motion to dismiss now pending before the Court.  (Defs.' Mot. to Dismiss [Dkt. 11]; Defs.' Mem. in Supp. [Dkt. 12].)  Defendants ask that the Court dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted.

Plaintiff never filed a memorandum in opposition to the motion to dismiss, which was otherwise due to be filed under the local rules of this Court no later than February 26, 2015.  See E.D. Va. Local Civ. R. 7(F)(1); see also Fed. R. Civ. P. 6(d); Defs.' Notice [Dkt. 16].  Defendants waived a hearing on their motion to dismiss, and instead ask the Court to rule on the briefs alone.  Thus, the matter is ripe for disposition.

## II. Legal Standard

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [it] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012) (citations and internal quotation marks

3

omitted).  A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true, and must construe all allegations in favor of the plaintiff.  See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).  However, the court need not accept as true legal conclusions disguised as factual allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 679-81 (2009).  Therefore, a pleading that offers only a "formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557.  Nor will a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement."  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999) (citation omitted) (internal quotation marks omitted).  In the relatively rare circumstance where sufficient facts are alleged in the complaint to rule on an affirmative defense, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6).  This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] on the face of the

4

complaint." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (emphasis is original).

### III. Analysis

Defendants argue that all of the claims in the Complaint should be dismissed either because the claim is time-barred by the applicable statute of limitation or because the claim fails to state a claim upon which relief can be granted. (Defs.' Mem. at 3-16.) Plaintiff has not opposed Defendants' motion to dismiss.[1] Regardless, the Court will address Defendants' arguments for each count of the Complaint in turn.

#### A. Claims Barred by the Statute of Limitations

Typically, "a defense based on the statute of limitations must be raised by the defendant through an

---

[1] Plaintiff has completely failed to respond to a dispositive motion that could result in the dismissal of her case. Facing similar puzzling situations, a number of district courts have declared that a motion to dismiss may be properly granted without reaching the merits of the motion, either treating the plaintiff's failure to respond as a concession that the motion should be granted, or that dismissal is an appropriate sanction for failure to respond. See, e.g., Osborne v. Long, No. 1:11-cv-00070, 2012 WL 851106, at *10 n.5 (S.D. W. Va. Mar. 13, 2012) (collecting cases). Specifically, "if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction[.]" Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Because there is no local rule in this district that mandates dismissal as a sanction for failure to respond, the Court declines to adopt one now, and instead, the motion to dismiss will be considered on the merits. See Blount v. Northrup Grumman Info. Tech. Overseas, Inc., No. 1:14cv919 (JCC/TCB), 2014 WL 5149704, at *3 (E.D. Va. Oct. 14, 2014).

affirmative defense, see Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." Goodman, 494 F.3d at 464 (citations omitted).  This defense may be reached on a motion to dismiss under Rule 12(b)(6), however, "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." Id. (citations and internal quotation marks and alterations omitted) (emphasis in original).  Defendants argue that Counts Eight, Nine, Eleven, and Thirteen through Fifteen should be dismissed as time-barred by the statute of limitations.  (Defs.' Mem. at 3-5.)  The Court agrees.  Assuming these five counts state a claim for relief under Virginia law, it is clear from the face of the Complaint that each count discussed in detail below is barred by the applicable statute of limitation.

In Count Eight, Plaintiff asserts a claim of Defamation under Virginia law,[2] which is governed by a one-year statute of limitation.  (Compl. ¶¶ 15-16); see Va. Code § 8.01-

---

[2] Plaintiff invokes this Court's subject matter jurisdiction by raising claims under federal law, namely, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. (See Compl. ¶ 2.)  In addition to claims under federal law, Plaintiff also raises state law claims under Virginia law, and there is no dispute that all parties are citizens of Virginia; thus, there is no diversity of citizenship.  (Id. at ¶¶ 4-7.) However, the Court has subject matter jurisdiction over all claims raised in the Complaint through pendent jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. 715, 724-25 (1966). Stated differently, this Court has jurisdiction over the Complaint because the federal claims and state claims allegedly arise from a common nucleus of operative fact.  Id.

6

247.1 ("Every action for injury resulting from libel, slander, insulting words or defamation shall be brought within one year after the cause of action accrues."). Under Virginia law, a cause of action for defamation accrues on the date that the defamatory acts occurred. Jordan v. Shands, 500 S.E.2d 215, 218 (Va. 1998). Plaintiff filed the Complaint on September 23, 2014, and therefore any defamatory act giving rise to this claim of defamation must have occurred on, or subsequent to, September 23, 2013. Plaintiff claims that on June 30, 2010, after she was terminated, her compensation, severance pay, and commission were "rescinded due to a false and alleged violation of the non-disclosure agreement." (Compl. ¶ 32.) Plaintiff goes on to allege that Defendants' false statements about her performance, health, medical condition, and alleged violation of the non-disclosure agreement were communicated to others and that she was injured as a result. (Id. at ¶¶ 90-98.) From the face of the Complaint, the alleged defamatory act occurred on June 30, 2010. Thus, it is clear that any cause of action for defamation based on this threadbare recitation of facts accrued on the same date, meaning the statute of limitation under Virginia law expired on June 30, 2011. Plaintiff was over three years late when she filed her Complaint in September of 2014. Therefore, Count Eight will be dismissed as barred by the one-year statute of limitation.

Next, Plaintiff attempts to assert four counts alleging various torts under Virginia law: "Misrepresentation" in Count Nine (Compl. ¶¶ 99-104), Intentional Infliction of Emotional Distress in Count Thirteen (id. at ¶¶ 119-125), Negligent Infliction of Emotional Distress in Count Fourteen (id. at ¶¶ 126-133), and Negligent Supervision in Count Fifteen (id. at ¶¶ 134-138). Under Virginia law, there is a two-year statute of limitation to assert an action for a personal injury tort. See Va. Code § 8.01-243A ("Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues."). Assuming each of the four counts listed above is a cause of action under Virginia law,[3] these claims alleging a personal injury tort must have been brought within two years from the date of injury, or when the action accrued. See Caudill v. Wise Rambler, Inc., 168 S.E.2d 257, 259 (Va. 1969) ("[A] plaintiff's right of action for damages for personal injuries does not accrue until he is

---

[3] In the alternative, the Court would also dismiss the "negligent misrepresentation" claim in Count Nine for failure to state a claim upon which relief can be granted. See Lescs v. William R. Hughes, Inc., 168 F.3d 482, 1999 WL 12913, at *10 (4th Cir. Jan. 14, 1999) (unpublished per curiam) ("[T]he federal courts of this Circuit repeatedly have determined that Virginia does not recognize a general cause of action for negligent misrepresentation.") (citation omitted).

8

hurt."). Plaintiff was terminated on June 7, 2010. (Compl. ¶ 30.) Any tort giving rise to the four claims must have occurred before then, meaning at the very latest, the statute of limitations for these claims expired on June 7, 2012; over two years before Plaintiff filed her Complaint. Accordingly, the Court will dismiss Counts Nine, Thirteen, Fourteen, and Fifteen as barred by the two-year statute of limitation period.

Lastly, Plaintiff asserts a breach of contract claim in Count Eleven. (Compl. ¶¶ 108-114.) Plaintiff claims that Defendants breached an employment agreement with Plaintiff due to their allegedly tortious and discriminatory conduct. (Id.) While not entirely clear, the Court broadly and generously construes this employment agreement in Plaintiff's favor as an unwritten contract between the parties. (See id. at ¶ 109 ("The terms and conditions of Plaintiff['s] employment were governed by custom, course of dealing between the parties, past practice, company policy, oral representations, and/or an employee handbook, all of which constituted an employment agreement between Plaintiff and Defendants."). Such a claim for breach of contract is governed by a three-year statute of limitation period under Virginia law. See Va. Code § 8.01-246(4) ("In actions upon any unwritten contract, express or implied, within three years."). Plaintiff's allegations that constitute Defendant's alleged breach of the employment agreement all must

9

have occurred between October of 2009 and June of 2010 when her employment was terminated. Thus, any cause of action for breach of contract expired on June 7, 2013, over one year before she filed this action. Accordingly, the Court will also dismiss Count Eleven as barred by the statute of limitations.

### B. Failure to State a Claim

Defendants argue that the remaining nine counts should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (Defs.' Mem. at 6-16.) First, the Court will address the two remaining counts brought under Virginia law, and then the Court will address the counts brought under federal law.

#### 1. Remaining Claims under Virginia Law

In Count Ten, Plaintiff asserts a claim for "Tortious Interference" against Defendants "MACRO" and "Wilson," claiming they have "violated the State of Virginia tort laws and tortuously interfered with Plaintiff's business, economic and contractual relations." (Compl. ¶ 105.) Under Virginia law, the necessary elements of a tortious interference with contract or business expectancy claim are: "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant

damage to the party whose relationship or expectancy has been disrupted." Chaves v. Johnson, 335 S.E.2d 97, 102 (Va. 1985). First, Plaintiff brings Count Ten against Defendants "MACRO" and "Wilson," who are not named Defendants in this lawsuit. Second, the Complaint contains no facts that, if true, would support each of the necessary elements discussed above. In short, this claim is at best vague, if not entirely incomprehensible. Accordingly, the Court will dismiss Count Ten for failure to state a claim upon which relief can be granted.

Next, in Count Twelve, Plaintiff asserts a claim for "Breach of Covenant of Good Faith and Fair Dealing" and alleges that "Defendants [have] violated the State of Virginia tort laws and misrepresented various facts and breached the covenant of good faith and fair dealing to Plaintiff[] by discriminating against all Plaintiff[] as well as harassing them, breaching their respective employment agreements." (Compl. ¶ 115.) "A breach of the implied duty of good faith and fair dealing must be raised in a claim for breach of contract, as opposed to a claim in tort." Stoney Glen, LLC v. S. Bank and Trust Co., 944 F. Supp. 2d 460, 465-66 (E.D. Va. 2013) (citing Charles E. Brauer Co., Inc. v. NationsBank of Va., N.A., 466 S.E.2d 382, 385 (1996)). The elements of breach of the implied covenant of good faith and fair dealing include (1) a contractual relationship between the parties and (2) a breach of the implied

11

covenant. Id. at 466 (citations omitted). Here, Count Twelve wholly fails to plead facts that would give rise to any possible relief under such a claim. First, Plaintiff pleads Count Twelve as a tort claim, and Virginia law does not recognize a tort of this nature. Second, Plaintiff fails to plead facts that if taken as true would give rise to relief under this claim. Assuming a contractual relationship between the parties, and assuming this count were plead under a theory of breach of contract and not tort, there is no allegation of dishonesty, bad faith, or misrepresentation regarding contractual rights, as required by the cause of action under Virginia law. Id. Accordingly, the Court will also dismiss Count Twelve for failure to state a claim upon which relief can be granted.

### 2. Claims under Federal Law

In the remaining Counts of the Complaint, Counts One through Seven, Plaintiff attempts to plead claims of disability and sex discrimination under Title VII of the Civil Rights Act of 1964, the Virginia Humans Rights Act, and the Americans with Disabilities Act. (Compl. ¶¶ 37-89.) Upon reading the entirety of the Complaint, however, it is clear that Plaintiff wholly fails to plead facts with any specificity under these counts that would entitle her to any relief. When ruling on a motion to dismiss under Rule 12(b)(6), the court need not accept as true legal conclusions disguised as factual allegations.

Ashcroft v. Iqbal, 556 U.S. 662, 679-81 (2009). Under Twombly and Iqbal, Plaintiff's Complaint must provide "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citation omitted). Indeed, "a formulaic recitation of the elements of a cause of action will not do." Id.

In short, after reading the Complaint many times, and broadly construing the Complaint in Plaintiff's favor, the Court is left with a very minimal, threadbare factual assertion against Defendants that cannot survive a Rule 12(b)(6) motion. To summarize Plaintiff's factual allegations, in May of 2010, after working for Defendants for less than eight months, Plaintiff requested an accommodation in the form of a modified work schedule, assumedly because she was now pregnant. Defendants were not pleased with Plaintiff's request. As a result, Powell "began harassing and discriminating against Plaintiff," and eventually, Plaintiff was terminated less than one month later in June of 2010. The remainder of Plaintiff's Complaint regarding claims brought under federal law contains broad, sweeping, legal conclusions without any factual specificity or support. For instance, under Count One, entitled Sex Discrimination Harassment and Hostile Work Environment, Plaintiff alleges:

> 37. By the above acts, Defendants have

> violated Title VII and State of Virginia Human Rights Act by discriminating against Plaintiff as well as harassing her because of her sex in the terms, conditions and privileges of her employment.
>
> 38. Indeed, during the course of Plaintiff's employment with Defendants, the Defendants, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment <u>in various ways</u>, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. and State of Virginia Human Rights [A]ct and Laws.
>
> 39. The above-described unwelcome sex discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

(Compl. at 5-6 (emphasis added).) Similar conclusory language is used throughout Counts One through Seven (and really, the remainder of the Complaint in total). (<u>See</u> Compl. ¶¶ 51-89.) In short, while lengthy, Plaintiff's Complaint requires the Court to speculate as to exactly what her allegations are, and whether those allegations, if true, entitle her to relief. <u>See</u> <u>Twombly</u>, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). The Court is not required speculate, nor is it required to accept these broad conclusions, which are merely "naked assertion[s]" devoid of "further factual enhancement." <u>Iqbal</u>, 556 U.S. at 678; <u>Twombly</u>, 550 U.S. at 557. Stated differently, the Court is

14

left to wonder about the "various ways" in which Defendants discriminated against Plaintiff. Rule 12(b)(6) guards against this type of pleading.

Even though Plaintiff is now represented by counsel, the Court has liberally construed Plaintiff's Complaint as if she were proceeding pro se. The Court understands its duty to liberally construe pro se complaints to allow the development of a potentially meritorious case. See, e.g., Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). This duty, however, is not without limitation, and does not require the Court to "ignore a clear failure in the pleadings to allege facts [that] set forth a Federal claim," nor does it require the Court speculate as to what claims Plaintiff is attempting to plead. Glover-Parker v. Orangeburg Consol. Sch. Dist., No. 5:05-1207-JFA-BM, 2007 WL 1704903, at *6 (D.S.C. June 12, 2007) (citing Weller v. Dep't of Soc. Serv., 901 F.2d 387 (4th Cir. 1990). Accordingly, the Court will also dismiss Counts One through Seven for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. Counts Eight, Nine, Eleven, Thirteen, Fourteen, and Fifteen are dismissed as time-barred.

15

Counts One through Seven, Ten, and Twelve are dismissed for failure to state a claim upon which relief can be granted.

An appropriate Order shall issue.

|  |  |
|---|---|
| March 4, 2015<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |